**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VENITA SUE HAGLER, ) | NO. CV 12-1991-E |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER ) OF SOCIAL SECURITY, ) | **AND ORDER OF REMAND** |
| Defendant. ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 12, 2012, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

April 24, 2012.  Plaintiff filed a motion for summary judgment on August 21, 2012.  Defendant filed a cross-motion for summary judgment on September 20, 2012.[1]  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed March 12, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, who reportedly has had past relevant work as a "child monitor," "daycare worker" and "teacher aide II," asserts disability based on a combination of alleged impairments (Administrative Record ("A.R.") 18, 82-85, 88-90, 109, 116-24).  The Administrative Law Judge ("ALJ") determined that Plaintiff suffers from several severe impairments, including coronary artery disease, diabetes, degenerative disc disease, obesity and depression (A.R. 12).  The ALJ found that these impairments restrict Plaintiff to the performance of medium work "that would allow her to sit, as needed" (A.R. 14).  The ALJ appears to have adopted the "sit, as needed" restriction from the opinion of Dr. Barry Gordon Gwartz, an examining internist who opined Plaintiff must "sit as needed for fatigue or pain in the feet" (A.R. 15, 242). Without consulting a vocational expert, the ALJ stated that all of Plaintiff's past relevant work "would allow her to sit, as needed . . . ." (A.R. 18).  Consequently, the ALJ found Plaintiff not disabled (A.R. 18-19).  The Appeals Council denied review (A.R. 2-4).

---

[1] Defendant's cross-motion for summary judgment is erroneously entitled "Defendant's Motion for Judgment on the Pleadings and Opposition to Plaintiff's Motion for Judgment on the Pleadings."

2

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

The Administration may deny disability benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "usually" or "generally" performed. <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (9th Cir. 2001). Although the claimant has the burden of proving an inability to perform his or her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his [or her] conclusion." <u>Id.</u> at 844. "To determine whether a claimant has the residual capacity to perform his [or her] past relevant work, the [Administration] must ascertain the demands of the claimant's former work and then compare the demands with his [or her] present capacity." <u>Villa v. Heckler</u>, 797 F.2d 794, 797-98 (9th Cir. 1986); see 20 C.F.R. § 404.1520(e).
///
///

In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

    1.    A finding of fact as to the individual's RFC [residual functional capacity].

    2.    <u>A finding of fact as to the physical and mental demands of the past job/occupation</u>.

    3.    A finding of fact that the individual's RFC would permit a return to his or her past job or occupation. SSR 82-62 (emphasis added).[2]

See <u>Dealmeida v. Bowen</u>, 699 F. Supp. 806, 807 (N.D. Cal. 1988).

In making these findings, the ALJ must conduct a searching inquiry and analysis.

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a

---

[2] ALJs must follow Social Security Rulings such as SSR 82-62. <u>See, e.g.</u>, <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1        controlling issue, every effort must be made to secure
2        evidence that resolves the issue as clearly and explicitly
3        as circumstances permit.

5        Reasonable inferences may be drawn, but presumptions,
6        speculations and suppositions must not be used.

SSR 82-62.

In the present case, the ALJ failed to inquire sufficiently regarding the requirements of Plaintiff's past relevant work. As a result, the record contains insufficient evidence on the potentially critical issue of whether Plaintiff's past relevant work would permit a worker "to sit, as needed" (*i.e.*, presumably, to sit briefly but repeatedly throughout the work day at times chosen by the worker). Contrary to Defendant's arguments, Plaintiff's self-reports regarding the requirements of her past jobs do not sufficiently address this issue. The Dictionary of Occupational Titles ("D.O.T.") does not sufficiently address this issue. See D.O.T. §§ 301.677-010, 359.677-018, 249.367-074. No vocational expert addressed this issue. The correct resolution of this issue is not self-evident. Accordingly, the ALJ's unexplained conclusion that each of Plaintiff's prior jobs "would allow her to sit, as needed" cannot stand. See Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988) (Administration may not speculate concerning the requirements of particular jobs); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered . . ."); SSR 83-12 ("There are

some jobs in the national economy -- typically professional and managerial ones -- in which a person can sit or stand with a degree of choice . . . However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task.  Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.  In cases of unusual limitation of ability to sit or stand a VS [Vocational Specialist] should be consulted to clarify the implications for the occupational base."); SSR 82-61 ("For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a Vocational Specialist or Vocational Expert").

An ALJ need not always consult a vocational expert to help determine whether a claimant can perform the claimant's past relevant work.  See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Miller v. Heckler, 770 F.2d 845, 850 (9th Cir. 1985).  Under the circumstances of the present case, however, there exists no substantial evidence in the record supporting the ALJ's conclusion that a person with Plaintiff's "sit, as needed" restriction could perform Plaintiff's past relevant work.  The opinion of a vocational expert might provide such evidence.  See 20 C.F.R. § 404.1560(b) ("We may use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity.  A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental

6

demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy . . .  In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy").

The Court is unable to conclude that the ALJ's error was harmless. "[A]n ALJ's error is harmless where it is inconsequential to the ultimate non-disability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted). "[W]e must analyze harmlessness in light of the circumstances of the case." Id. at 1121 (citations and quotations omitted).

> [D]espite the burden to show prejudice being on the party claiming error by the administrative agency, the reviewing court can determine from the circumstances of the case that further administrative review is needed to determine whether there was prejudice from the error.  Mere probability is not enough.  But where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary.  By contrast, where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate.

///

McCleod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011).

In the present case, "further administrative review is needed to determine whether there was prejudice from the error." See id.; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 26, 2012.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

8